Timothy Lee WARD, Plaintiff–
Appellant,

v.

**Terry L. STEWART, sued in individual & official capacity; et al.,**
**Defendants–Appellees.**

No. 03–15574.

D.C. No. CV–01–02226–ROS.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 10, 2003.*

Decided Nov. 14, 2003.

Timothy Lee Ward, Florence, AZ, pro se.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before KOZINSKI, SILVERMAN, and TALLMAN, Circuit Judges.

### MEMORANDUM**

Arizona prisoner Timothy Lee Ward appeals pro se the district court's order sua sponte dismissing his 42 U.S.C. § 1983 action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998) (order), and we affirm in part, reverse in part and remand.

The district court properly dismissed Ward's access to courts claim challenging Arizona Department of Corrections Policy Number 902, because Ward has demonstrated his ability to present his claims to the court. *See Madrid v. Gomez,* 190 F.3d 990, 995 (9th Cir.1999) (internal quotation omitted) (a prisoner's right of access to the courts "requires prison authorities to provide prisoners with the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.").

The district court erred, however, in relying on *Zuther v. Arizona,* 199 Ariz. 104, 14 P.3d 295 (2000), to dismiss Ward's due process claim challenging the withholding of a $50 release fee in a dedicated discharge account. *Zuther* is inapposite because in that case, the prisoner was ultimately released and granted access to the $50 fee; here, Ward is serving a 197–year sentence and will never gain access to the release fee. Accordingly, we reverse the dismissal of Ward's due process claim, and

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

remand for further proceedings as to this claim.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**